IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYSON KOPP,<br><br>       Plaintiff,<br><br>v.<br><br>AMCOL SYSTEMS, INC.,<br><br>       Defendant. | CIVIL ACTION<br>FILE NO.  4:14-cv-00026 |

### DEFENDANT AMCOL SYSTEMS, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, AMCOL, Systems, Inc. (hereinafter, "AMCOL" and/or "Defendant"), by and through its undersigned attorneys, and files this Answer in response to the Plaintiff's Complaint as follows:

### INTRODUCTION

1.      Defendant admits Plaintiff is attempting to assert claims against it pursuant to the Fair Debt Collection Practices Act ("FDCA"), 15 U.S.C. § 1692, *et seq*.  Defendant denies having any liability to this Plaintiff under the FDCPA.

2.      Defendant admits Plaintiff is attempting to assert claims against it pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*.  Defendant denies having any liability to this Plaintiff under the FCRA.

### JURISDICTION

3.      Defendant admits Plaintiff's claims asserted under the FDCPA and the FCRA raise federal questions.

1460-008/65509

## **PARTIES**

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations stated in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits its status as a corporation organized under the laws of the state of South Carolina. Defendant further admits that a purpose of its business is the collection of unpaid accounts and debts owed to parties other than Defendant.

6. Defendant admits that it engages in the collection of unpaid accounts and debts and uses the telephone and mail in furtherance of its efforts. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" as that term is defined under the FDCPA or whether it meets the definition of "debt collector" as defined under the FDCPA as it relates to Plaintiff's account.

## **FACTS**

7. Defendant admits that in certain circumstances it may be "furnisher" as that term is defined under the FCRA.

8. Defendant admits that it sent a collection notice dated April 9, 2013 to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the date Plaintiff received this correspondence.

9. Defendant admits that it received correspondence from Plaintiff dated April 16, 2013. Defendant admits that the content of this correspondence speaks for itself.

10. Defendant admits that it received correspondence from Plaintiff dated April 16, 2013. Defendant admits that the content of this correspondence speaks for itself.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint.

1460-008/65509

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint, and thus, denies the same.

14. Defendant admits that it reported Plaintiff's account to the credit reporting agencies as a disputed account.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT I: VIOLATION OF THE FDCPA

17. The statement contained in Paragraph 17 of Plaintiff's Complaint requires no response on the part of Defendant.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint, including the allegations contained in its subparts a and b.

## COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

19. The statement contained in Paragraph 19 of Plaintiff's Complaint requires no response on the part of Defendant.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint, including the allegations contained in subparts a through d.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant AMCOL SYSTEMS, INC. prays that Plaintiff's Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as to the Court deems just and proper.

### DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, AMCOL Systems, Inc., (hereinafter referred to as "AMCOL" and/or "Defendant"), by and through its undersigned attorneys, and for its affirmative defenses to Plaintiff's Complaint, states to this Honorable Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* was not intentional and was the result of a *bona fide* error notwithstanding the implementation and maintenance of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

1460-008/65509

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

### FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

Dated: January 15, 2014.

        Respectfully submitted,

        FRANKEL, RUBIN, BOND, DUBIN,
           SIEGEL & KLEIN, P.C.

        By:/s/ Mayer S. Klein
        MAYER S. KLEIN, #MO32605
        mklein@frankelrubin.com
        231 South Bemiston Avenue, Suite 1111
        Clayton, Missouri 63105
        Telephone: (314) 725-8000
        Facsimile: (314) 726-5837

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2014 a true copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically through the Court's electronic filing system to: James W. Eason james.w.eason@gmail.com

        /s/ Mayer S. Klein
        MAYER S. KLEIN

1460-008/65509